## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHARLES R. GANT, JR.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 14-1368** |
| **v.** | * | |
| | * | |
| | * | |
| **CAROLYN W. COLVIN,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\***

## <u>MEMORANDUM</u>

This matter is before the Court on Plaintiff's Motion for Attorneys' Fee Under the Equal Access to Justice Act (the "EAJA") (ECF No. 26), Defendant's Opposition to Plaintiff's Motion for Attorney's Fees Under the EAJA (ECF No. 29), and Plaintiff's Reply with Amendment to Defendant's Opposition to Plaintiff's Request for EAJA Fees (ECF No. 30, 32).  For the reasons stated below, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

Under the EAJA, a "prevailing party" in any civil action brought by or against the United States, "including proceedings for judicial review of agency action," is entitled to recover reasonable fees and expenses incurred in the proceeding.  28 U.S.C. § 2412(d)(1)(A).  The prevailing party is not entitled to such fees and expenses, however, if the Court finds that the position of the United States was "substantially justified." *Id.*  In this case, the parties agree that Plaintiff is a "prevailing party" entitled to attorney's fees under the EAJA, and the Government does not contest that the position of the United States was not "substantially justified."  The parties do dispute, however, the reasonableness of the number of hours of work claimed by Plaintiff's counsel.  In his EAJA petition, Plaintiff claimed that his counsel was entitled to an

award of $4,833.50 in EAJA fees reflecting 37.48 attorney hours at a rate of $125 per hour and

1.98 legal assistant hours at a rate of $75 per hour.  Pl.'s Mot., ECF No. 26.  Defendant opposed

Plaintiff's request, arguing that the total hours claimed by Plaintiff's counsel for preparing his

Memorandum in Support of his Motion for Summary Judgment and Reply are excessive.

Defendant maintained that the Court instead should award attorney's fees in the amount of

$3,750.00.  In reply, Plaintiff now agrees to a reduction in total claimed attorney hours to 34.80

hours (but at the increased attorney rate of $190 per hour to reflect the increase in the cost of

living) for a total of $6,612.00.  Plaintiff also claims 1.98 hours for the attorney's legal assistant

to proofread and critique at an hourly rate of $125 for a total of $247.50.

> Once the district court determines that plaintiffs have met the threshold
> conditions for an award of fees and costs under the EAJA, the district court must
> undertake the "task of determining what fee is reasonable."  "A request for
> attorney's fees should not result in a second major litigation.  Ideally, of course,
> litigants will settle the amount of a fee."  However, "[w]here settlement is not
> possible, the fee applicant bears the burden of establishing entitlement to an
> award and documenting the appropriate hours expended."  Counsel "should
> submit evidence supporting the hours worked," and exercise "'billing judgment'"
> with respect to hours worked.  "Hours that are not properly billed to one's *client*
> also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hyatt v. Barnhart*, 315 F.3d 239, 253-54 (4th Cir. 2002) (alteration in original) (citations

omitted).  "The district court is accorded 'substantial discretion in fixing the amount of an EAJA

award,' but is charged with the duty to ensure that the final award is reasonable."  *Id.* at 254

(citation omitted).  "In sum, the EAJA provides that attorneys for a prevailing party should be

paid 'for all time reasonably expended on a matter,' but the EAJA should not 'produce windfalls

to attorneys.'"  *Id.*  "Courts within this circuit have held . . . that in typical Social Security cases

it is reasonable for an attorney to expend between twenty and forty hours."  *Roth v. Comm'r,*

*Soc. Sec.*, Civil Case No. SAG-14-62, 2015 WL 567168, at *3 (D. Md. Feb. 10, 2015) (citing

cases and determining that spending 43.16 hours to prepare and draft plaintiff's motion for summary judgment was excessive).

On the other hand, "courts cannot drastically reduce awards simply because the attorney has requested compensation for more than forty hours or make reductions with a target number in mind." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (per curiam). Rather, courts "must explain why the amount of time requested for a particular task is too high. Any other approach fails to give deference to the winning lawyer's professional judgment . . . ." *Id.* The court in *Costa* found that the magistrate judge's reduction by nearly one-third of the hours requested by the plaintiff's counsel was improper because the magistrate judge merely found that the issues in the case were not novel or complex and that the brief was not very long. *Id.* at 1136-37. The magistrate judge in that case also did not explain why the amount of time that he ultimately allotted to the plaintiff's counsel's preparation of supplemental and reply memoranda was reasonable. *Id.* at 1137.

Here, Plaintiff's counsel claims 1.98 hours for a legal assistant to proofread and critique the motion for summary judgment. "[T]asks of a clerical nature are not compensable as attorney's fees," however. *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000). The Court thus disallows 1.98 legal assistant hours from the time for the preparation of Plaintiff's motion for summary judgment. *See Mitchell v. Comm'r, Soc. Sec.*, No. DKC-16-359, 2016 WL 6802834, at *2 (D. Md. Nov. 17, 2016) (disallowing 1.91 hours spent by legal assistant to proofread and critique fee petition and motion for summary judgment, as "the Commissioner should not pay for a legal assistant to review and critique these documents, written by counsel, before filing").

In light of the circumstances of this case, the Court thus finds that an award of fees in the amount of $6,612.00 for 34.80 hours at the requested hourly rate of $190 is reasonable. Plaintiff's Motion for Attorneys' Fee Under the Equal Access to Justice Act (ECF No. 26) thus is **GRANTED IN PART** and **DENIED IN PART**.  A separate order shall issue.


Date: December 13, 2016                    _____/s/_____
                                           Thomas M. DiGirolamo
                                           United States Magistrate Judge